Salvador Ibanez **BUENO**; **Maria Del Rayo Guzman Martinez,**
Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73778.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Salvador Ibanez Bueno, Santa Ana, CA, pro se.

Maria Del Rayo Guzman Martinez, Santa Ana, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Russell J.E. Verby, Esq., Kurt B. Larson, Esq., Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Salvador Ibanez Bueno and Maria Del Rayo Guzman Martinez, husband and wife, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Our conclusion that we lack jurisdiction to review the BIA's determination that Petitioners did not make out a prima facie case of hardship forecloses Petitioners' argument that the BIA denied them due process by failing to adequately explain its reasons for denying the motion to reopen. *Id.* at 603–04.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.